# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIM BASS HOLDEN,

    Petitioner,

vs.

WARDEN NEVINS, et al.,

    Respondents.

Case No. 2:13-cv-00668-JCM-GWF

**ORDER**

    The parties having submitted a stipulation to extend briefing schedule (#9), and the court will grant petitioner an extension of time to file an amended petition.

    Petitioner stated that he wants to file a supplemental petition. Assuming that petitioner uses the term "supplemental" as it is used in Rule 15 of the Federal Rules of Civil Procedure, the court must emphasize that petitioner needs to file an <u>amended</u> petition, which will raise all claims that petitioner wishes to present and which will supersede the <u>pro se</u> petition (#4). The court appointed counsel because the petition does raise some serious questions. However, the petition also contains around 20 grounds for relief that do nothing but incorporate by reference documents that the court does not possess. Ground 10 is a good example. It states:

> This is Ground II of my Direct Appeal. I am raising it but I don't understand what to say other than what was brought in made me look bad. Filed (notice) 11-18-05.
>
> *Please see attached; all pleadings and papers that are incorporated with this.

Petition, at 21 (#4) (punctuation corrected). The court has no idea what this claim is, whether it has potential merit, or even whether it repeats another ground elsewhere in the petition. Grounds such

as ground 10 do not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the petition to specify all grounds for relief available to the petition and to state the facts supporting each ground.  The purpose of the rule is to have all the grounds and relevant facts in one document, so that the court and the parties need not waste time poring over exhibits trying to figure out what a claim really is and possibly missing something important.  If there actually are claims underlying the grounds like ground 10, then counsel should allege them fully in the amended petition.  On the other hand, if grounds like ground 10 are repetitive or are as empty as they appear, counsel should use his judgment to drop those grounds in the amended petition.

IT IS THEREFORE ORDERED that petitioner shall have through October 18, 2013, to file and serve an amended petition for a writ of habeas corpus.

DATED: August 23, 2013.

_____
JAMES C. MAHAN
United States District Judge