# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIM BASS HOLDEN,

      Petitioner,

    v.

WARDEN DWIGHT NEVINS, et al.,

      Respondents.

Case No. 2:13-cv-00668-JCM-EJY

**ORDER**

    Before the court are petitioner's reply to the court's order and motion to withdraw the pending motion and to file a new second amended petition (ECF No. 82), respondents' motion to strike (ECF No. 83), petitioner's response (ECF No. 84), and respondents' reply (ECF No. 86). The court grants petitioner's motion and denies respondents' motion.

    The procedural history of this case has been difficult. The court provisionally appointed the Federal Public Defender to represent petitioner. ECF No. 5. The Federal Public Defender had a conflict of interest. ECF No. 6. The court then appointed William Gamage to represent petitioner. ECF No. 8. The court stayed the case while petitioner completed his post-conviction habeas corpus proceedings in state court. ECF No. 20. The court then reopened the action upon petitioner's motion. ECF No. 25. Gamage filed an amended habeas corpus petition that alleged one claim, ineffective assistance of trial counsel during the plea negotiations. ECF No. 39. This petition was fully briefed, although petitioner did not file a reply. Petitioner himself then filed

1

proper-person motions to remove Gamage, to have new counsel appointed, and to stay the action, because he was displeased that Gamage had dropped all his claims but one. ECF No. 51, ECF No. 52, ECF No. 55. The court denied those motions because petitioner needed to make them through counsel. ECF No. 57. Petitioner then repeated his requests. ECF No. 59. By this time, the court had learned that Gamage had suffered some type of mental lapse, abandoned his clients, and disappeared. The court removed Gamage as counsel. ECF No. 63. The court then appointed Mary Lou Wilson. ECF No. 64. Wilson filed a motion for leave to file a second amended petition, which still is pending. ECF No. 71. Wilson then resigned from the court's CJA panel. The court allowed her to withdraw in this case. ECF No. 77. The court now had to appoint a third--or fourth, if the Federal Public Defender is counted--attorney to represent petitioner, Theresa Ristenpart. ECF No. 78. Petitioner then filed a motion to withdraw the pending motion for leave to amend and for leave to file a new second amended petition. ECF No. 82.

Petitioner did not attach a proposed second amended petition to the motion. The court waives the requirements of Local Rule 15-1(a) that petitioner file a proposed amended petition. Instead, petitioner should file a second amended petition. Respondents then will need to file a response, including by motion to dismiss that raises procedural defenses. If either petitioner or respondents have scheduling conflicts, then they should request additional time in later-filed actions, to keep this action moving as expeditiously as possible.

IT THEREFORE IS ORDERED that petitioner's motion to withdraw pending motion and to file new second amended petition (ECF No. 82) is **GRANTED**.

IT FURTHER IS ORDERED that no further action be taken on the pending motion for leave to file second amended petition (ECF No. 71).

IT FURTHER IS ORDERED that respondents' motion to strike (ECF No. 83) is **DENIED**.

IT FURTHER IS ORDERED that petitioner shall have until up to and including sixty (60) days from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis

for tolling during the time period established.  Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of an amended petition and that petitioner may file a reply within thirty (30) days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: August 22, 2019.

_____
JAMES C. MAHAN
United States District Judge