1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11    JIM BASS HOLDEN,                                 Case No. 2:13-cv-00668-JCM-EJY

12                    Petitioner,                      **ORDER**

13            v.

14    WARDEN DWIGHT NEVINS, et al.,

15                    Respondents.

16

17    **I.    Introduction**

18          This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are the

19    second amended petition of Jim Bass Holden ("Holden") (ECF No. 88), respondents' motion to

20    dismiss (ECF No. 90), Holden's opposition (ECF No. 93), and respondents' reply (ECF No. 96).

21    The court finds that multiple grounds in the second amended petition are untimely and

22    unexhausted, one ground is unexhausted, and one ground is untimely, unexhausted, and possibly

23    not addressable in federal habeas corpus.  The court thus grants the motion to dismiss.

24    **II.   Procedural Background**

25          After a jury trial in state district court, Holden was convicted of one count of murder with

26    the use of a deadly weapon, one count of attempted murder with the use of a deadly weapon, one

27    count of conspiracy to commit murder, and two counts of first-degree kidnaping with the use of a

28

deadly weapon.  ECF No. 47-32.  Holden appealed, and the Nevada Supreme Court affirmed on March 28, 2008.  ECF No. 41-1 at 93.

Holden filed a post-conviction habeas corpus petition on April 17, 2009.  ECF No. 41-1 at 29.  The state district court denied the petition.  ECF No. 41 at 8.  Holden appealed.  The Nevada Supreme Court affirmed in part, reversed in part, and remanded for an evidentiary hearing on Holden's claim that trial counsel provided ineffective assistance during plea negotiations.  ECF No. 45 at 152.  After an evidentiary hearing, the state district court denied that claim.  ECF No. 45-1 at 58-65.  Holden appealed, and the Nevada Supreme Court affirmed on July 23, 2014.  ECF No. 45-1 at 191.  Remittitur issued on August 20, 2014.  ECF No. 93-3 at 3.

On April 14, 2013, while the state post-conviction proceedings were pending, Holden mailed his proper-person initial federal habeas corpus petition under 28 U.S.C. § 2254 to this court.  ECF No. 4.  Holden filed a counseled first amended petition on May 9, 2016.  ECF No. 39.  Holden filed a counseled second amended petition, which is the operative petition, on October 21, 2019.  ECF No. 88.

**III.    Legal Standard**

**A.    Timeliness**

A person convicted in state court has one year from the finality of the judgment of conviction to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1)(A).  If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  A prior federal habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.  Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

If the petitioner files an amended federal petition after expiration of the one-year period, then, to be timely, the grounds in the untimely amended petition will need to relate back to grounds in an earlier, timely petition.  An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650 (2005).  Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . ."  Id. at 664.

The Nevada Supreme Court decided Holden's direct appeal on March 28, 2008.  Under § 2244(d)(1)(A), the judgment of conviction became final on June 26, 2008.  Between that date and the filing of the state post-conviction habeas corpus petition on April 17, 2009, two hundred ninety-four (294) days passed.  The one-year period was tolled while the state post-conviction petition was pending.  28 U.S.C. § 2244(d)(2).  The Nevada Supreme Court decided the final appeal on July 23, 2014, and remittitur issued August 20, 2014.  The one-year period resumed the next day.  The one-year period expired at the end of October 30, 2014.

Holden mailed his initial petition (ECF No. 1) to the court on April 14, 2013, while his state post-conviction proceedings were pending.  It is timely.  Holden filed his first amended petition (ECF No. 39) on May 9, 2016, and he filed his second amended petition (ECF No. 88) on October 21, 2019, both after expiration of the one-year period.  For grounds in the second amended petition to be considered timely, they will need to relate back to the timely filed initial petition.

**B.     Exhaustion**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the

operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

**IV.    Discussion**

Respondents argue that grounds 1, 2(B), and 12 are untimely and unexhausted. Respondents also argue that ground 2(D) is unexhausted.  Finally, respondents argue that ground 11 is not addressable in federal habeas corpus, untimely, and unexhausted.

**A.    Ground 1**

Ground 1 is a claim that the prosecution violated Holden's Sixth Amendment right to counsel under Massiah v. United States, 377 U.S. 201 (1964).  Holden alleges that he was in jail on other charges, not yet having been charged with the crimes at issue in this action, when a government informant obtained his journal and turned it over to the prosecution, leading to the charges at issue in this action.

**1.    Ground 1 is untimely**

Respondents argue that ground 1 does not relate back to any claim in the initial petition. Holden counters that ground 1 relates back to grounds 7 and 9 of the initial petition.  Ground 7 of the initial petition was a claim that the state court erred by admitting evidence of Holden's use of methamphetamine.  ECF No. 1 at 15.  Ground 9 of the initial petition states only that it is incorporating ground 1 of the state post-conviction petition, and it refers to attached documents. ECF No. 1 at 19.  However, Holden did not attach any documents to the initial petition, and thus ground 9 refers to nothing.  Nothing in either of those grounds mentions Holden's journal.  A claim of ineffective assistance of counsel does not relate back to an timely claim of ineffective assistance of counsel based on entirely different facts.  Schneider v. McDaniel, 674 F.3d 1144, 1151-52 (9th Cir. 2012).  Ground 1 of the second amended petition does not share a common core of operative fact with ground 7 or ground 9 of the initial petition.

**2.    Ground 1 is not exhausted**

Respondents are correct that Holden did not present a Massiah claim to the Nevada Supreme Court.  Holden argues, "Petitioner Holden argued extensively on direct appeal and writ

4

of habeas corpus proceedings in state court that the admission of the journal entries obtained by informant Steven Hall violated his constitutional right to <u>due process</u>."  ECF No. 93 at 10 (emphasis added).  On direct appeal, Holden argued that the admission of his journal entries was a violation of the Due Process Clause of the Fourteenth Amendment because those entries contained evidence of other criminal conduct not charged in this particular case and because those entries contained inadmissible character evidence.  ECF No. 93-4 at 24-31.  A violation of the Due Process Clause of the Fourteenth Amendment is a different legal theory than a violation of Holden's right to counsel under the Sixth Amendment.  In the appeal from the denial of the post-conviction petition, Holden argued that trial counsel provided ineffective assistance because, in the opening statement, trial counsel stated that Steven Hall forced Holden to write journal entries. ECF No. 93-5 at 39-40.  The claim that petitioner presented in his state post-conviction appeal differs in both legal theory and facts from the claim that petitioner presents now in ground 1. Because Holden did not present to the state courts the claim that the prosecution violated his Sixth Amendment right to counsel by obtaining the journal, ground 1 is not exhausted.

**B.      Ground 2(B)**

Ground 2(B) is a claim that trial counsel provided ineffective assistance by not having Holden testify at trial.  Holden's defense was that he acted in self-defense, and he argues that his own testimony was the best way of convincing the jury.  Respondents argue that ground 2(B) is both untimely and unexhausted.  Holden does not argue to the contrary and thus consents to the granting of this part of the motion.  LR 7-2(d).

**1.      Ground 2(B) is untimely**

Holden did allege multiple claims of ineffective assistance of counsel in the initial petition, but none of them concerned the decision that Holden would not testify.  Additionally, no other ground in the amended petition concerned the decision not to testify.  The core facts of ground 2(B) thus are different from the core facts alleged in the initial petition.  See <u>Schneider</u>, 674 F.3d at 1151-52.  Ground 2(B) does not relate back to the initial petition, and it is untimely.

### 2. Ground 2(B) is unexhausted

Holden did not raise this claim either in his direct appeal or in his post-conviction habeas corpus appeal.  See ECF No. 93-4, 93-5.  Although the post-conviction appeal brief contained multiple claims of ineffective assistance of counsel, none of them concerned the decision not to testify.  Those facts are not related to any exhausted claim of ineffective assistance of counsel, and thus Ground 2(B) is unexhausted.  See Moorman v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005).

### C. Ground 2(D) is unexhausted

Ground 2(D) is a claim that trial counsel provided ineffective assistance because counsel did not have a knife tested for Holden's DNA, which would have supported Holden's defense that he acted in self-defense.  Respondents note correctly that Holden presented no such claim in his post-conviction habeas corpus appeal.  See ECF No. 93-5.  Holden argues, "Petitioner Holden's brief before the Nevada Supreme Court No. 58143 (writ of habeas corpus) contained ample discussion as to trial counsel's general ineffectiveness for lack of pre-trial investigation.  Ground Two(D) is exhausted."  ECF No. 93 at 11.  That is incorrect.  Although the post-conviction appeal brief contained multiple claims of ineffective assistance of trial counsel, none of them alleged the operative facts that Holden alleges in ground 2(D), that trial counsel failed to have a knife tested for Holden's DNA.  The facts are not related to any exhausted claim of ineffective assistance of counsel, and thus ground 2(D) is unexhausted.  See Moorman, 426 F.3d at 1056.

### D. Ground 11

Ground 11 is titled, "Petitioner was entitled to an evidentiary hearing."  The body of the ground alleges that trial counsel provided ineffective assistance by not having Holden testify that he had acted in self-defense; i.e., the substance of ground 11 seems to duplicate ground 2(B).

### 1. Ground 11 is not addressable

If ground 11 is a claim that the state district court should have held an evidentiary hearing on the claim that trial counsel provided ineffective assistance by not having Holden testify, then Holden is claiming an error in the state post-conviction proceedings.  Such an error is not addressable in federal habeas corpus.  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

1

### 2. Ground 11 is untimely

2   If ground 11 is a claim that trial counsel provided ineffective assistance by not having

3 Holden testify, then the timeliness and exhaustion analyses are the same as with ground 2(B).

4 The initial petition does not contain any facts about the defense that Holden acted in self-defense.

5 Although the initial petition does contain other grounds of ineffective assistance of counsel, they

6 rely on different operative facts.  Ground 11 does not share a common core of operative fact with

7 any ground in the initial petition.  It is untimely.

8

### 3. Ground 11 is unexhausted

9   Holden did not raise this claim either in his direct appeal or in his post-conviction habeas

10 corpus appeal.  <u>See</u> ECF No. 93-4, 93-5.  Although the post-conviction appeal brief contained

11 multiple claims of ineffective assistance of counsel, none of them concerned the decision not to

12 testify.  Those facts are not related to any exhausted claim of ineffective assistance of counsel,

13 and thus Ground 11 is unexhausted.  <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d at 1056.

14  **E.**  **Ground 12**

15   Ground 12 is a claim of cumulative error.

16

### 1. Ground 12 is untimely

17   The initial petition does not contain a claim of cumulative error.  Consequently, ground 12

18 does not relate back to the initial petition, and it is untimely.

19

### 2. Ground 12 is unexhausted

20   Holden argues that he need not exhaust a cumulative-error claim.  ECF No. 88 at 69-70.

21 He is incorrect.  The Ninth Circuit has affirmed the decision of a district court that a cumulative-

22 error claim must be exhausted before the district court may consider it.  <u>Wooten v. Kirkland</u>, 540

23 F.3d 1019, 1026 (9th Cir. 2008); <u>Solis v. Garcia</u>, 219 F.3d 922, 930 (9th Cir. 2000).  "Briefing a

24 number of isolated errors that turn out to be insufficient to warrant reversal does not automatically

25 require the court to consider whether the cumulative effect of the alleged errors prejudiced the

26 petitioner." <u>Wooten</u>, 540 U.S. at 1025.  Holden did not present a cumulative-error claim to the

27 Nevada Supreme Court either on direct appeal or on post-conviction appeal.  <u>See</u> ECF No. 93-4,

28 93-5.  Ground 12 is unexhausted.

**F.     Holden must decide what to do with the unexhausted ground 2(D)**

The court will dismiss most of the unexhausted grounds because they also are untimely. However, ground 2(D) is unexhausted, but respondents did not argue that it was untimely. Ground 2(D) makes the second amended petition a mixed petition, containing both claims exhausted in state court and claims not exhausted in state court, and thus the second amended petition is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Holden may voluntarily dismiss the unexhausted ground 2(D) and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 2(D), or he may move to stay this action while he returns to state court to exhaust ground 2(D).  If Holden chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.  If Holden chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  If Holden chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action.  Otherwise, the court will dismiss the action.

**V.     Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 90) is **GRANTED**.  Grounds 1, 2(B), 11, and 12 are **DISMISSED** because they are untimely.  Ground 2(D) is unexhausted.

IT FURTHER IS ORDERED that petitioner will have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss ground 2(D) of his second amended petition (ECF No. 8), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his second amended petition (ECF No. 88) to return to state court to exhaust his state remedies with respect to the claims set out in ground 2(D), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claim set out in ground

2(D) of his second amended petition (ECF No. 88).  Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that if petitioner elects to dismiss ground 2(D) of his second amended petition (ECF No. 88) and proceed on the remaining grounds, respondents must file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  Petitioner will have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED:  May 11, 2020.

_____
JAMES C. MAHAN
United States District Judge